

1   ALEX G. TSE (CABN 152348)
    United States Attorney

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   UNITED STATES OF AMERICA,        )   CASE NO. **18 00578**
                                      )
12          Plaintiff,                )
                                      )
13      v.                            )   VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to
                                      )   Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud;
14   VAN-SEYLA MORK, and              )   18 U.S.C. § 1956(a)(1)(B)(i) – Engaging in Monetary
     ROBING TRAN,                     )   Transactions in Property Derived from Specified
15                                    )   Unlawful Activity; 18 U.S.C. § 2 – Aiding and
            Defendants.               )   Abetting; 18 U.S.C. §§ 981(a)(1)(C), 982 & 28
16                                    )   U.S.C. § 2461(c) – Criminal Forfeiture
                                      )
17                                    )   SAN JOSE VENUE
                                      )
18                                    )
                                      )
19                                    )

20                          I N F O R M A T I O N

21   The United States Attorney charges:

22                        Introductory Allegations

23          At all times relevant to this Information:

24          1.      Defendant Van-Seyla MORK used the alias "John Iem" and the online moniker

25   "Fujiyama" and resided in the state of Michigan.

26          2.      Defendant Robing TRAN resided in the state of Michigan.

27          3.      Apple, Inc. ("Apple") was a corporation headquartered in Cupertino, California.  Apple

28   was a technology company that, among other things, sold electronics—such as cellular phones,

     INFORMATION

computers, and other media devices. Apple permitted customers to purchase these products on Apple's website, after which Apple commonly mailed the purchased product to customers' desired mailing addresses. Apple also maintained a customer-service website, through which customers with complaints or concerns about their purchases could contact a customer-service representative directly, and receive immediate feedback, by way of an online chat service.

4. Bank of America and Fifth Third Bank were financial institutions, as that term is defined in Title 31, United States Code, Section 5312, the deposits of which were insured by the Federal Deposit Insurance Corporation.

5. MORK maintained and controlled various Bank of America accounts, including a savings account ending in xx2216 and a checking account ending in xx1766. TRAN maintained and controlled a Fifth Third Bank checking account ending in xx5686.

6. PayPal Holdings, Inc. ("PayPal") was a corporation headquartered in San Jose, California. PayPal was an online service that allowed customers to electronically send and receive money from their computers using their credit card or bank accounts. PayPal also permitted customers to link their PayPal accounts directly to their bank accounts, allowing money sent or received through PayPal to be withdrawn from or deposited into a PayPal customer's linked bank account.

7. MORK maintained and controlled various PayPal accounts, to include accounts ending in xx2017 and xx2688. TRAN maintained and controlled various PayPal accounts, to include an account ending in xx6238.

8. Venmo was a mobile-device application owned by Paypal. Venmo permitted those who downloaded the application to electronically send and receive money using their mobile devices. Like PayPal, Venmo accounts could be linked directly to users' bank accounts.

9. MORK maintained and controlled a Venmo account under the username "VanSeyla-Mork." TRAN maintained and controlled a Venmo account under the username "robingtran."

10. Skype was a telecommunications application software that allowed customers using the software on their computers or mobile Internet devices to connect with other customers by way of instant messaging, video chats, voice calls. Customers who registered for and acquired the software chose a name under which to register their account or accounts and a display name to correspond with

INFORMATION

1  each account.  Skype was owned and operated by Microsoft Corporation, a Redmond, Washington,

2  company that, among other things, developed, manufactured, and sold computer software.

3      11.    MORK maintained and controlled various Skype software accounts, including accounts

4  entitled "live:ich0colat3fujlyamal," with the display names "Fujiyama" and "Uber Tuna Apple Store

5  Refund Service."

6      12.    MORK, through his PayPal accounts, sent funds to TRAN by way of her PayPal

7  accounts.  Tran, through her Venmo account, sent some of these same funds back to MORK, by way of

8  his Venmo account.

9                                    The Scheme to Defraud

10      13.    Beginning at a date unknown, but no later than May 2015, and continuing through a date

11  unknown, but to at least September 2018, MORK and other known and unknown co-conspirators

12  knowingly devised, intended to devise, and carried out a conspiracy and scheme and artifice to defraud

13  as to a material matter, and to obtain money and property by means of materially false and fraudulent

14  pretenses, representations, and promises, and by omissions and concealment of material facts with a

15  duty to disclose.

16          As part of the conspiracy and scheme to defraud:

17      14.    Using the moniker "Fujiyama," MORK knowingly created and caused the creation of

18  advertisements on various websites for an "Apple Refund Service."  The advertisements offered, for

19  those who decided to use the service, a full refund from Apple for any recently purchased Apple

20  product.  In exchange for the service, the advertisement listed a service charge of ten percent of the

21  purchase price refunded by Apple.

22      15.    MORK received and replied to inquiries about the Apple Refund Service on Skype, using

23  the account "live:ich0colat3fujlyamal," with display name "Uber Tuna Apple Store Refund Service."  In

24  these Skype chats, MORK explained to prospective users of the service its fraudulent nature.  For those

25  who chose to contract for the service, MORK obtained from them certain information about their recent

26  Apple purchase, including the date of the order, the order number, and billing information.

27      16.    On behalf of individuals who contracted for the service, MORK knowingly created and

28  caused the creation of fraudulent customer-service complaints to Apple's online chat service.  Using the

INFORMATION                                3

1  personal information of these individuals and the product information of the products his they had

2  purchased, MORK knowingly created and caused the creation of customer-service claims, each claim

3  asserting that a purchased Apple product had not been mailed to the purchaser's mailing address as it

4  should have; rather, each claim asserted, an Apple product box had arrived at the mailing address with

5  no Apple product inside the box.

6       17.     Through the above-described scheme to defraud, MORK knowingly caused, under

7  fraudulent pretenses, Apple to issue refunds for undelivered Apple products when Apple had in fact

8  delivered the products and MORK's clients had in fact received those products.

9       18.     MORK knowingly charged and received payments from his clients for his scheme to

10  defraud.  MORK received and accepted some of these payments into his PayPal accounts ending in

11  xx2017 and xx2688.

12  <u>COUNT ONE</u>:          (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

13       19.     Paragraphs 1 through 18 of this Information are re-alleged and incorporated.

14       20.     Beginning at a date unknown, but no later than May 2015, and continuing through a date

15  unknown, but to at least September 2018, in the Northern District of California and elsewhere, the

16  defendant,

17  VAN-SEYLA MORK,

18  did knowingly conspire with others known and unknown persons to devise and intend to devise a

19  scheme and artifice to defraud as to a material matter, and to obtain money and property by means of

20  materially false and fraudulent pretenses, representations, and promises, and by omissions and

21  concealment of material facts with a duty to disclose, and, for the purpose of executing such scheme and

22  artifice to defraud, to transmit and cause the transmission of wire communications in interstate

23  commerce, in violation of Title 18, United States Code, Section 1343.

24       All in violation of Title 18, United States Code, Section 1349.

25  ///

26  ///

27  ///

28  ///

INFORMATION                     4

COUNTS TWO THROUGH SIX:   (18 U.S.C. § 1343 – Wire Fraud)

21.    Paragraphs 1 through 17 and 19 of this Information are re-alleged and incorporated.

22.    Beginning at a date unknown, but no later than June 2015 and continuing through a date unknown, but to at least September 2018,

VAN-SEYLA MORK,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

23.    On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant did knowingly transmit and cause to be transmitted writings, signs, signals, pictures, and sounds in interstate commerce by means of wire communications:

| Count | Date | Item Wired |
|---|---|---|
| 2 | June 17, 2015 | An online post on the website mpgh.net ("Multiplayer Game Hacking") advertising "Apple Store Refund Service! #1 VOUCHED" |
| 3 | February 14, 2017 | A payment of $123.40, via PayPal, from co-conspirator J.S., for the Apple Refund Service on a Mac mini, Serial No. C07T60NVG1J1 |
| 4 | April 7, 2017 | A payment of $372.38, via PayPal, from co-conspirator N.B., for the Apple Refund Service on a MacBook Pro, Serial No. C02TG30XGTF1 |
| 5 | April 27, 2017 | An online customer-service complaint, via Apple's customer-service online chat service, as "Erik Fernandez," a purported purchaser of a MacBook Pro, Order Number W413797129, who received only an empty MacBook Pro box |
| 6 | May 30, 2017 | A payment of $108.34, via PayPal, from co-conspirator A.J.B, for the Apple Refund Service on an iPhone, Serial No. F2LT61NKHFYH |

Each in violation of Title 18, United States Code, Section 1343.

///

///

///

///

INFORMATION                                        5

COUNT SEVEN THROUGH TEN: (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity and Aiding and Abetting)

24.     Paragraphs 1 through 18 of this Information are re-alleged and incorporated.

25.     On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

VAN-SEYLA MORK and
ROBING TRAN,

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is conspiracy to commit wire fraud, in violation of Title 18, United States Code Section 1349, and wire fraud, in violation of Title 18, United States Code Section 1343, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Amount | Monetary Transaction |
|-------|------|--------|----------------------|
| 7 | August 22, 2016 | $1,000.00 | Payment from MORK's PayPal account ending in xx2688 to TRAN's PayPal account ending in xx6238 |
| 8 | September 14, 2016 | $2,000.00 | Payment from TRAN's Venmo account "robingtran" to MORK's Venmo account "VanSeyla-Mork" |
| 9 | August 28, 2017 | $1,000.00 | Payment from MORK's PayPal account ending in xx2688 to TRAN's PayPal account ending in xx6238 |
| 10 | August 30, 2017 | $2,000.00 | Payment from TRAN's Venmo account "robingtran" to MORK's Venmo account "VanSeyla-Mork" |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

///

///

///

///

INFORMATION                                          6

FRAUD FORFEITURE ALLEGATION:    (18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.     All of the allegations contained in this Information are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c).

2.     Upon a conviction of one or more of the offenses alleged in Counts One through Six of this Information, the defendants,

VAN-SEYLA MORK, and<br>
ROBING TRAN,

shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 28 U.S.C. § 2461(c) all property, real or personal, constituting, and derived from, proceeds the defendant obtained directly and indirectly as the result of those violations, including but not limited to the following: a forfeiture money judgment in an amount equal to the total proceeds from the commission of said offenses.

3.     If any of the aforementioned property, as a result of any act or omission of the defendants –

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

///

///

///

INFORMATION                                7

MONEY LAUNDERING FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(A) and 982(a)(1), & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.      All of the allegations contained in this Information are re-alleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

2.      Upon a conviction of one or more of the offenses alleged in Counts Seven through Ten of this Information, the defendants,

VAN-SEYLA MORK, and
ROBING TRAN,

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c) any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following: a forfeiture money judgment in an amount equal to the total value of property involved in the commission of said offenses.

3.      If any of the aforementioned property, as a result of any act or omission of the defendants –

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property that cannot be divided without difficulty,

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). All in violation of Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

///
///
///
///

INFORMATION                                    8

1   DATED: *Nov. 30, 2018*                ALEX G. TSE

2                                         United States Attorney

3                                         BARBARA J. VALLIERE
                                          Chief, Criminal Division

4

5

6   (Approved as to form:

7   RANDALL LEONARD
    Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION                             9

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

### OFFENSE CHARGED

Count 1 - 18 U.S.C. § 1341 - Conspiracy to Commit Wire Fraud; Counts 2-6 - 18 U.S.C. § 1343 - Wire Fraud; Counts 7-10 - 18 U.S.C. § 1956(a)(1)(B)(i) and 2 - Money Laundering and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:

See attached.

---

**DEFENDANT - U.S.**

▶ Van-Seyla Mork

DISTRICT COURT NUMBER

**FILED**

CR 18 00578

NOV 30 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

EJD

SVK

---

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

FBI Special Agent Kyla Charter

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    ALEX G. TSE

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    Randall Leonard

---

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No   If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

**U.S. v. Van-Seyla Mork and Robing Tran**
**Penalty Sheet**

**Count 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud**
**- Mork**

Maximum penalties: 20 years' imprisonment; $250,000 fine; three years' supervised release; $100 mandatory special assessment.

**Counts 2–6: 18 U.S.C. § 1343 – Wire Fraud**
**- Mork**

Maximum penalties: 20 years' imprisonment; $250,000 fine; three years' supervised release; $100 mandatory special assessment.

**Counts 7–10: 18 U.S.C. § 1956(a)(1)(B)(i) and 2 – Money Laundering or Aiding and Abetting Money Laundering**
**- Mork and Tran**

Maximum penalties: 20 years' imprisonment; $500,000 fine; three years' supervised release; $100 mandatory special assessment.

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT
                         ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Counts 7-10 - 18 U.S.C. § 1956(a)(1)(B)(i) and 2 -
Money Laundering and Aiding and Abetting

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

See attached.

— DEFENDANT - U.S.

FILED

▸ Robing Tran

DISTRICT COURT NUMBER     NOV 3 0 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CR 18 00578

EJD

### PROCEEDING
Name of Complainant Agency, or Person (&Title, if any)

FBI Special Agent Kyla Charter

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on THIS FORM    ALEX G. TSE

     ☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Randall Leonard

— DEFENDANT —

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▸

SVK

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
           } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
               ☐ No

DATE OF ARREST ▸    Month/Day/Year

Or.. if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▸    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

**U.S. v. Van-Seyla Mork and Robing Tran**
**Penalty Sheet**

**Count 1: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud**
**- Mork**

Maximum penalties: 20 years' imprisonment; $250,000 fine; three years' supervised release;
$100 mandatory special assessment.

**Counts 2–6: 18 U.S.C. § 1343 – Wire Fraud**
**- Mork**

Maximum penalties: 20 years' imprisonment; $250,000 fine; three years' supervised release;
$100 mandatory special assessment.

**Counts 7–10: 18 U.S.C. § 1956(a)(1)(B)(i) and 2 – Money Laundering or Aiding and**
**Abetting Money Laundering**
**- Mork and Tran**

Maximum penalties: 20 years' imprisonment; $500,000 fine; three years' supervised release;
$100 mandatory special assessment.

