DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-18-00578-EJD |
|     Plaintiff, | SENTENCING MEMORANDUM |
|   v. | |
| VAN-SEYLA MORK, | |
|     Defendant. | |

## I. INTRODUCTION

In November 2018, the United States Attorney filed a ten-count Information charging the defendant with one count of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; wire fraud, in violation of Title 18, United States Code, Section 1343; and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2. In May 2019, the defendant pled guilty pursuant to a written plea agreement to count two (wire fraud) and count seven (money laundering). The plea agreement was tendered to the Court pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The United States hereby submits its sentencing memorandum. In advance of the sentencing hearing, the Probation Office prepared a Presentence Report. The Probation Office recommended that

1  this Court impose a custodial sentence of twelve months. For the reasons stated herein, the United
2  States believes that this Court should impose a term of imprisonment of 27 months, 3 years of
3  Supervised Release, and restitution in the amount of $1,000,000.

## II. SENTENCING GUIDELINES CALCULATION

A. <u>Factual Background</u>

For about three years, starting in 2015, the defendant executed what is known as the "Apple Empty Box Scheme." While the defendant did not invent this scheme, he recruited "clients" and executed the scheme with great success. The defendant defrauded Apple, Inc. by initiating fraudulent complaints to Apple's customer service department. In each complaint, the defendant alleged, on behalf of Apple's customers (the defendant's "clients"), that a purchased Apple product had not been mailed to the customer as it should have been. Instead, the defendant falsely claimed that Apple had mailed an empty box to the customer's mailing address. The defendant knew at the time he submitted these complaints, that his assertions about the empty boxes were false, and that Apple had, in fact, mailed the purchased products to the customers. Through this fraudulent scheme, the defendant caused Apple to issue $1,000,000 in refunds for undelivered Apple products that had in fact been delivered. Additionally, the defendant executed the Empty Box Scheme for the purpose of financial gain. Finally, the defendant sent portions of his financial gain from this fraud to his co-defendant with the intent to conceal the nature of his fraud proceeds.

B. <u>Offense Level Calculation</u>

In the written plea agreement, the parties determined that the appropriate Total Offense Level was 18. [Dkt. 17 at 6.] In the Presentence Report, the United States Probation Office determined that the appropriate Total Offense Level was 20. [PSR ¶ 4.] While the government believes that Probation has correctly calculated the Guidelines, the governments stands-by the calculation in the plea agreement, and recommends that the Court impose a sentence consistent with the calculation contained within the plea agreement.

Pursuant to the United States Sentencing Guidelines ("U.S.S.G"), which are advisory after the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the calculation of the defendant's offense level begins with Count Two (wire fraud). The defendant's base offense level is 7,

and is increased by 14 levels due to the amount of money involved in the fraud. [U.S.S.G. §§ 2B1.1(a)(1) and (b)(1)(H), and PSR ¶¶ 32 and 33.] Since the defendant pled guilty and accepted responsibly for his conduct, and pursuant to U.S.S.G. § 3E1.1, the defendant is eligible for a downward adjustment of three levels. [PSR ¶¶ 40 and 41.] Therefore, the defendant's total offense level for wire fraud is 18. [Dkt. 17 at 5.] Next, pursuant to the plea agreement, we calculate the defendant's base offense level for Count Seven (money laundering). According to the plea agreement, the defendant's base offense level for money laundering is 16. [Dkt. 17 at 5.] The defendant's offense level is increased by two levels, because he was convicted of an offense under 18 U.S.C. § 1956. [Dkt. 17 at 5.] Again, the defendant accepted responsibility for his criminal conduct, entitling him to a three-level reduction. [Dkt. 17 at 5.] Therefore, according to the plea agreement, the defendant's adjusted offense level for money laundering is 15. [Dkt. 17 at 5.] Finally, according to the plea agreement, the total offense level, applying the U.S.S.G. grouping rules under Section 3D1.2(d), is 18.

The PSR determined that the Guidelines calculation for Count Seven (money laundering) is found at U.S.S.G. § 2S1.1 and established an Adjusted Offense Level of 23. [PSR ¶ 31.] Since Count Seven yielded the highest offense level for the counts in the group, the offense level for the group, according to the PSR, is the offense level for Count Seven. [PSR ¶ 31.] Therefore, the defendant's adjusted offense level is 23, minus three for acceptance of responsibility, yielding a total offense level of 20. [PSR ¶¶ 32 - 42.]

C. <u>Criminal History Calculation</u>

The government and the Probation Officer calculate that the defendant has zero criminal history points. Therefore, he is placed into Criminal History Category I. [PSR ¶ 46.] Total offense level 18 indexed with a Criminal History Category of I yields a guideline range of 27 - 33 months imprisonment. Once again, the government supports the plea agreement and the Guidelines calculation contained therein.

III.   SENTENCING RECOMMEDATION

The United States recommends a sentence of 27 months' imprisonment, followed by a three-year term of Supervised Release. The United States also recommends that the Court order the defendant to pay restitution in an amount of $1,000,000.

A. <u>3553(a) Factors</u>

The statute that governs imposition of sentence, 18 U.S.C. § 3553(a), sets forth factors this Court must consider in crafting a sentence that is "sufficient, but not greater than necessary" to comply with the objectives of sentencing. A sentencing court must consider, among other factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(1) and (2)(A).

Here, a 27-month sentence would punish the defendant justly and adequately for his serious criminal conduct. The first 3553(a) factor (the nature of the offense and characteristics of the defendant) is particularly relevant when fashioning a just sentence in this case. By its nature, this offense involved deceit and a significant violation of trust. Through his conduct, the defendant took advantage of Apple, Inc.'s customer service policies. Instead of allowing Apple to devote its resources to helping customers with genuine concerns, the defendant used customers to defraud Apple, and personally profited through this deceit.

Moreover, this defendant's characteristics, including his youth and ability to obtain legitimate employment, make this criminal conduct even more disappointing. This defendant had, and continues to have, the ability to obtain legitimate employment. His decision to execute this fraud is difficult to understand. Unfortunately, the defendant's fraud appears motivated by greed and a desire to earn easy money. According to this defendant's thinking, legitimate employment was too difficult and not financially rewarding enough.

On the other hand, the defendant admitted his wrongdoing quickly. This important mitigation suggests that a reasonable sentence is found within but at the low-end of the applicable Guidelines range.

B. <u>Restitution</u>

The United States recommends that the Court order the defendant to pay restitution to Apple, Inc. in the amount of $1,000,000.

DATED: 12/9/2019                                   Respectfully submitted,

                                                   DAVID L. ANDERSON
                                                   United States Attorney


                                                   __/s/_____
                                                   JEFF SCHENK
                                                   Assistant United States Attorney